NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 14, 2008[*]
Decided July 1, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-3374

| | |
|---|---|
| ALESIA B. BRYANT, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Indiana, |
| | Fort Wayne Division. |
| *v.* | |
| | No. 06 C 261 |
| FORT WAYNE METROPOLITAN | |
| HUMAN RELATIONS COMMISSION, | Roger B. Cosbey, |
| et al. | *Magistrate Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

In July 2006 Alesia Bryant filed a complaint against her former employer, the Fort Wayne Metropolitan Human Relations Commission, as well as the Commission's Director, Gerald Foday, and its President, Maye Johnson (collectively the "Commission"). Bryant claimed that they had discriminated against her on the basis of sex and retaliated against her

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

for participating in the investigation of another employee's sexual-harassment complaint, in violation of Title VII of the Civil Rights Act of 1964. See 42 U.S.C. §§ 2000e-2, 2000e-3. She also accused the defendants of defaming her by criticizing her work performance in various publications. A magistrate judge, hearing the case by consent of the parties, granted summary judgment to the Commission. Bryant appeals, and we affirm.

In reviewing a grant of summary judgment, we construe the facts in the light most favorable to the non-moving party. See *Steen v. Myers*, 486 F.3d 1017, 1019 (7th Cir. 2007). The magistrate judge, however, held that Bryant had admitted certain facts under FED. R. CIV. P. 36 and that those admissions doomed her claims, and so we must first address that ruling. In January 2007 the Commission sent Bryant a set of interrogatories, requested the production of certain documents, and requested the following admissions under Rule 36: (1) that she did not submit the required notice of a tort claim to the Commission, (2) that she did not file her complaint within 90 days of receiving the EEOC's notice of her right to sue, (3) that she had no evidence that her gender or her participation in protected activity motivated her dismissal, and (4) that she had no evidence that any of the defendants made any false statements about her. Bryant did not respond to the Commission's requests.

The discovery deadline passed, and the Commission moved for summary judgment, arguing that Bryant's failure to respond to its Rule 36 requests for admission meant that she had admitted the specified facts, and that those admissions rendered her claims meritless. When Bryant responded to the Commission's motion for summary judgment, she also submitted belated denials to the Commission's request for admissions, along with an affidavit contradicting the facts she had admitted under Rule 36 and identifying for the first time the articles in which she alleged the defamatory statements had been published. Bryant's counsel also submitted an affidavit admitting that his oversight and poor organization caused the delay in responding to the Commission's discovery requests. He further stated that he had served the Commission with a notice of a tort claim the previous day, and he asserted that the discrimination and retaliation claims were timely because, on information and belief, Bryant had filed her complaint within 90 days of the date she believed she had received the notice of a right to sue from the EEOC. The Commission moved to strike Bryant's tardy responses to its requests for admission, as well as the portions of Bryant's affidavit that conflicted with her Rule 36 admissions. Bryant did not respond to the motion.

The magistrate judge granted the Commission's motion to strike. He concluded that Bryant admitted the facts in the Commission's request for admissions under Rule 36 because she failed to file a timely response to them, and he struck all statements in Bryant's affidavit that conflicted with those admissions. The magistrate judge also struck the articles Bryant submitted because she disclosed them after the discovery period had expired. See FED. R. CIV. P. 26(a)(1)(A)(ii), 37(c)(1).

The magistrate judge then concluded that Bryant's retaliation and discrimination claims were untimely because she had admitted that she had not filed her complaint within 90 days of receiving the EEOC's right-to-sue notice. Although that ruling was enough to support summary judgment in the Commission's favor, the magistrate judge also discussed the substance of Bryant's claims and concluded that Bryant had produced no evidence to satisfy their required elements. Turning to her defamation claim, the magistrate judge granted summary judgment to the Commission because Bryant's attorney admitted that Bryant had failed to serve the Commission with a notice of the tort claim until two years after the articles were published, well beyond the deadline established by Indiana law.

On appeal Bryant concedes the futility of challenging the magistrate judge's grant of summary judgment unless she is allowed to rely on the evidence that she submitted in her response to the Commission's motion for summary judgment. She argues that the magistrate judge's decision to strike her tardy responses to the Commission's discovery requests was not "preordained" and that it violated the purpose and function of summary-judgment proceedings. Bryant contends that her tardy disclosure of the allegedly defamatory articles could not have harmed the Commission because the articles were already in the public domain.

There are a host of problems with Bryant's position. First, she waived her right to contest the magistrate judge's decision to strike her tardy discovery submissions when she failed to respond to the Commission's motion to strike. See *Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 608 n.4 (7th Cir. 2007). Second, she cannot show that the judge's decision was an abuse of discretion. See *Mannoia v. Farrow*, 476 F.3d 453, 456 (7th Cir. 2007). Bryant admitted that she did not respond to the Commission's request for admissions until well after the expiration of the 30-day deadline set by Rule 36(a). Under Rule 36, facts are deemed admitted unless the receiving party denies or objects to them within 30 days. Although the Rule offers a way to withdraw admissions by filing a motion and showing lack of prejudice to the requesting party, see Rule 36(b), Bryant never availed herself of this option. Bryant therefore admitted that her claims under Title VII were untimely filed, that she has no evidence proving that either her gender or her protected activity caused her dismissal, that she failed to file the required notice of her tort claim with the Commission, and that neither Foday nor Johnson made any false statements about her. The magistrate judge did not abuse his discretion when he found the matters set forth in the requests to be "conclusively established," see Rule 36(b). On those facts, Bryant's case was doomed.

AFFIRMED.